

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CASE NO.  1:15-CR-135 |
| DANIEL ALEXANDRO HERNANDEZ | § § | |

**FINDINGS OF FACT AND ORDER OF DETENTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is pending before the undersigned United States Magistrate Judge for consideration of non-dispositive pretrial motions and proceedings. On January 7, 2016, this matter came before the undersigned on the defendant's request for a detention hearing.  The undersigned United States Magistrate Judge conducted a hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of Defendant as required by the Court and the safety of the community.  The Court has taken into account the available information concerning the factors to be considered under 18 U.S.C. § 3142(g) and concludes that Defendant should be detained.

### A. Pending Charges

Defendant, Daniel Alexandro Hernandez, ("Hernandez" or "defendant") is charged in a four-count Indictment returned by a federal grand jury in the Eastern District of Texas on November 4, 2015. *See Indictment* (doc. #2). Specifically, the grand jury charged defendant with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) (Count One); Coercion and Enticement of a Child in violation of 18 U.S.C. § 2422(b) (Count Two); Distribution of Materials Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count Three); and Possession of Child Pornography in violation of § 2252A(a)(5)(b) (Count Four). If convicted, Hernandez faces a term of imprisonment of at least 15 years but not more than 30 years on Count One, imprisonment of not less than 5 years but up to life imprisonment on Count Two, imprisonment of not less than 5 years but not more than 20 years on Count Three, and not more than ten years imprisonment on Count Four. *See Indictment and Notice of Penalty* (doc. #2).

### B. Factors to Be Considered Under 18 U.S.C. § 3142(g) and the Hearing

Title 18, United States Code, Section 3142(g) sets forth the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and which will also assure the safety of any other person and the community. Thus, for the Court to release Defendant from custody pending trial, conditions of release must be established which both assure Defendant's appearance AND the safety of the community. The Section 3142(g) factors to be considered include (1) the nature and circumstances of the offense charged, (2) the evidence presented and the weight of evidence against the person, (3) the history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence

in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court, and whether the person at the time of the current offense or arrest was on probation, parole, or other release pending trial or sentencing, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

Under the Bail Reform Act, the Court may only enter an order of detention following a hearing.  The Government's right to move for a detention hearing exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror.  18 U.S.C. § 3142(f).  In this case, the Government requested that the defendant be detained because it contends that he presents a serious risk of flight and no conditions can be imposed to assure his appearance as required or the safety of the community.

As an initial matter, the Court must also determine whether the statutory presumption of 18 U.S.C. § 3142(e)(3) is implicated.  This section provides, in relevant part:

"(3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--

> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

(B) an offense under Section 924(c),956(a), or 2332b of this title;

(C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;

(D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or

(E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title."

18 U.S.C. § 3142(e)(3)(A)&(B).  As stated *supra*, the Indictment charges the defendant with four crimes involving minor victims in violation of 18 U.S.C. §§ 2251.  Therefore, because the defendant has been charged by indictment with violating these provisions, under 18 U.S.C. § 3142(e)(3) the rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

This presumption is properly applied against the defendant when the triggering crime is charged by indictment because the indictment establishes probable cause. *United States v. Trooper,* 809 F.2d 1107, 1110 (5th Cir. 1987).  Here, a federal grand jury has, in fact, indicted the defendant under the cited provisions, as discussed *supra*. This court also factually finds that the evidence presented at the detention hearing constitutes probable cause to support the charged crimes.

The presumption shifts to the defendant only as to the burden of producing rebutting evidence, not the burden of persuasion.  However, the presumption is not a mere "bursting bubble" that totally disappears from consideration after the defendant comes forward with evidence.  *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).  Congress intended that the presumption remain in the case as a factor to be considered by the Court.  *Id.*  Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate

determination, the Court may still consider the finding by Congress that certain offenders pose a special risk of flight and dangerousness to society.

The Court cannot rely solely upon the nature of the charges and the rebuttable presumption. *See United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir. 1988). The Court shall take into account the available information as to the weight of the evidence and consider the other listed factors under 18 U.S.C. § 3142(g). *Hare,* 873 F.2d at 798. The statute thus creates an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance. *Id.* at 799.

### C. Statement of Reasons for Detention

At the hearing, the Court considered the information contained within the Pretrial Services Report prepared by the United States Probation Office. In support of its request for detention, the Government offered the testimony of Detective Jeff Curl with the Beaumont Police Department and the Department of Homeland Security child exploitation task force. His testimony described the underlying investigation in this case, including the specific events leading to the charges filed against defendant. Curl testified regarding Hernandez' alleged involvement in coercing underage minors into making sexually explicit videos and photos via Facebook, Skype and the internet.

The defendant presented the testimony of his mother, Catalina Cipriano. She would be willing to serve as a third party custodian and have her son reside with her if he is released on bond. She also testified that she does not believe her son to be a danger to the community or a flight risk. The testimony is set forth in detail in the record of the detention hearing. The Court incorporates the whole presentation of evidence in support of the findings stated herein.

As for the nature and seriousness of the offense, the charged crimes involve some of the

most serious federal offenses involving minor victims. The nature of the crimes alone weigh heavily in favor of detention. The Government's evidence corroborated the allegations in the Indictment and further described the events giving rise to the allegations against the defendant. The details presented in the testimony at the hearing adds to the seriousness of the charged offenses and consequently weighs in favor of detention.

Also relevant is the weight of the evidence presented against the defendant. Again, the testimony supported the crimes charged in the Indictment. A federal grand jury also found probable cause to indict the defendant on these serious offenses. The evidence therefore supports the charged crimes and weighs in favor of detention.

Defendant's criminal history is relevant for consideration as to his history and characteristics. *See* 18 U.S.C. § 3142(g)(3)(A).[1] The Pretrial Services Report indicates that Mr. Hernandez has no prior convictions.

The Court also considers the defendant's personal characteristics and family ties. The Pretrial Services Report shows that Hernandez has lived in the Port Arthur area all of his life, and his immediate family ties are there, including his mother, brothers, girlfriend and his two young children. He does have extended family in Mexico and he reported visiting them about twice a year. As for employment, he has worked in construction in the past and earned a good income but has been unemployed since October 2015. His mother also testified that he has worked as a pipe fitter and would be able to return to that employment if released.

---

[1] "Factors to be considered. . . the history and characteristics of the person including – the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. . ." 18 U.S.C. § 3142(g)(3)(A).

> i.  *Dangerousness*

Evidence of a defendant's dangerousness is in no way limited to evidence of the elements of the crime with which he is charged. *United States v. Bess*, 678 F. Supp. 929, 933 (D.D.C. 1988). Indeed, evidence of a defendant's dangerousness can be virtually unrelated to the charged offense, as in the case where there is evidence that the defendant has threatened potential witnesses or jurors, or perhaps more telling, where the evidence of defendant's dangerousness relates to prior offenses. *Id.*

As stated *supra*, the return of the Indictment, along with the evidence presented at the hearing and set forth in the record of this case, establish probable cause to believe that the defendant was involved almost 100 instances involving the production and receipt of coerced child pornography. Mr. Hernandez also reportedly advised law enforcement that he was unable to control himself and asked that his computer be taken away. Although Hernandez has no criminal history and there is no evidence that he has acted violently in any way, the seriousness of the alleged crimes and the events giving rise to them are of grave concern to the Court. Numerous minors were allegedly coerced or enticed into making sexually explicit photographs or videos. The possible impact of these alleged crimes on these minor victims is disconcerting. Given the evidence presented, the Court is not convinced that Mr. Hernandez will refrain from re-offending, further endangering other minor victims. As stated on the record at the detention hearing, even if there is a small chance that the defendant would be able to access a computer or cell phone while on bond and continue to engage in the alleged criminal behavior, this risk is enough to detain Mr. Hernandez for the sake of the community's safety. The Court appreciates Ms. Cipriano testifying on behalf of her son, but the Bail Reform Act requires that the Court

consider the safety of the community and any dangerousness the defendant might pose to that community.  The undersigned must keep in mind how potential minor victims and their own parents would be impacted if Mr. Hernandez is released and re-offends.  Simply put, even the slightest chance of continuing the alleged behavior presents enough risk of danger to additional victims that the Court finds release to be improper in this case.

For these reasons, after considering the entire body of evidence presented relating to the charges against the defendant, his personal characteristics and ties, and the circumstances of the allegations as presented, the Court finds that the evidence presented by the defendant has not overcome the presumption that he would present a danger to the community if released pending trial.  The Court further finds by clear and convincing evidence that no condition or combination of conditions exist which would reasonably assure the safety of the community if Mr. Hernandez is released.

    ii.    *Risk of Flight*

Based upon the evidence discussed herein, the Court does conclude that the defendant has rebutted the presumption that he presents a risk of flight.  He has resided in Southeast Texas his entire life and his family ties are there.  He apparently also has family support.  He has also exhibited the ability to maintain employment.  Although he admitted to traveling to Mexico occasionally, there is no evidence to indicate that Hernandez has the means or intent to flee there permanently.  However, as the Court explained *supra*, the Government need only establish that there is a risk of nonappearance OR that the defendant presents a danger to the community.  Accordingly, because of this Court's determination that there are no conditions that can be imposed to assure the safety of the community in this case, the defendant must still be detained.

### D. Order and Directions Regarding Detention

The Court accordingly finds that the defendant should be **DETAINED** pursuant to 18 U.S.C. § 3142 because no conditions exist under which he could be released to reasonably assure the safety of the community. The defendant may petition the Court should conditions change, and may also petition the District Court for review of this detention order pursuant to 18 U.S.C. § 3145 and Federal Rule of Criminal Procedure 59.

The Court **ORDERS** that the defendant is committed to the custody of the United States Marshal. The United States Marshals service is accordingly ordered to deliver the defendant for all appearances in connection with the court proceedings in this criminal action. The undersigned further holds that the defendant should be afforded reasonable opportunity for private consultation with his counsel in accordance with Section 3142.

**SIGNED this the 22nd day of January, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE