
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 30 2016

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 1:15CR135 |
| v. | § § | (Judge Ronald Clark) |
| DANIEL ALEXANDRO HERNANDEZ | § § § | |

## FACTUAL BASIS

The government presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant **Daniel Alexandro Hernandez**, and the defendant's attorney Mr. Gary Bonneaux and in support of the indictment, would show the following:

1. That the defendant **Daniel Alexandro Hernandez** hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count Two of the indictment, which count charges a violation of 18 U.S.C. § 2422(b), Coercion and Enticement of a Child.

2. That the defendant, **Daniel Alexandro Hernandez**, who is pleading guilty to such indictment, is one and the same person charged in the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would

Factual Basis - Page 1          *(Last Revised: June 30, 2016)*

have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts:

a. On or about June 25, 2014, **Daniel Alexandro Hernandez** coerced, persuaded, induced and enticed a child who was at the time sixteen years of age, hereinafter Victim #1, to engage in sexually explicit conduct for the purpose of the defendant producing visual depictions of that conduct.

b. Victim #1 reported to Detective Johnson of the Port Arthur Police Department (hereinafter "PAPD") and Task Force Officer Jeff Curl of the Beaumont Homeland Security Investigations Office (hereinafter "HSI") that the defendant tricked her into giving him her Facebook login information, and then the defendant told her that if she did not do what he told her to do that he would post embarrassing material under Facebook identity to humiliate her. These exchanges took place in a Facebook message thread, and investigators obtained the record of the conversation that corroborated the victim's statement. Here is an excerpt from the conversation:

  i. Victim #1: "I want my FB back plz!"

  ii. Defendant: "Well first if you want your pics all over facebook then u have to do what I tell u"

  iii. Victim #1: "Why r u doin this 2 me!?"

  iv. Defendant: "Ok then ima just go post them I don't want u asking me questions"

**Factual Basis - Page 2**  *(Last Revised: June 30, 2016)*

v. Victim #1: "alright alright sorry"

At that point, the defendant proceeds to give Victim #1 specific directions on the type of photos that he wants her to take of herself:

vi. Defendant: "Send me one of ur pussy up close"

vii. Defendant: "Put your fingers in your pussy"

viii. Defendant: "Send me a video of u playing with ur pussy"

ix. Defendant: "Btw do yu have skype?"

c. Investigators questioned Victim #1 about this exchange, and Victim #1 confirmed that it was the conversation she had with the defendant online, and she allowed investigators to locate the photos that she created at the defendant's request on her personal device. Facebook also provided a record of the photos exchanged between Victim #1 and the defendant, and those photos that the defendant requested and received matched the photos that Victim #1 stated were the photos she made for the defendant and sent to the defendant. Among those files are File6.jpb, which depicts a close-up view of the victim's genitalia with two of her fingers inside of her genitalia.

d. On the same date, June 25, 2014, the defendant directed Victim #1 to make a nude video using Skype. Through Skype texting, the defendant confirmed that he was the individual Victim #1 was previously talking with over Facebook. In the video, the defendant directed the victim to remove all of her clothing and show him her entire body and then told Victim # 1 to masturbate. Investigators

recovered this video and these messages from Victim #1's personal device as well.

e. On August 21, 2014, after determining through administrative subpoenas and other evidence that Daniel Alexandro Hernandez who resided in Port Arthur, Texas in the Eastern District of Texas at all times relevant for Count Two (2) was the individual who exchanged these Facebook messages and photos with Victim # 1, TFO Curl and Detective Johnson obtained and executed a search warrant for the defendant's residence. The defendant directed the investigators to a personal device hidden in an air conditioning duct in his home, a Hewlett Packard Laptop, Model 2000-2B09WM, bearing serial number 5CG25230FL. The defendant consented to an interview with the investigators. The laptop was forensically analyzed, and TFO Curl identified the same photos and video of Victim # 1 that were found on the victim's devices.

f. **Daniel Alexandro Hernandez** admitted to investigators that it was he who had that Facebook message exchange with Victim # 1. The defendant further revealed that he had been obtaining Facebook login information in order to access ~~photos~~ accounts for from approximately one hundred victims total over a two year period. TFO Curl found numerous saved screenshots of Facebook user ids and login information saved on the defendant's devices that appeared to be screenshots of compromised accounts. There were 263 Facebook accounts in screen shots saved on the defendant's devices, along with Facebook message records, photos and videos of numerous female victims of a variety of ages to

**Factual Basis - Page 4** *(Last Revised: June 30, 2016)*

corroborate the defendant's admission. In all, TFO Curl found over eight hundred (800) image files that appeared to be self-produced or homemade photos of nude women and children. TFO Curl would have testified that seventy-six of those images would meet the definition of child pornography under federal law.

g. The defendant used the Internet, a facility of interstate commerce, to extort Victim #1 into producing six images and one video depicting child pornography, and the laptop in question that contained the child pornography in this case and evidence of online extortion was manufactured outside of the United States and traveled in foreign commerce before it was seized in Port Arthur, Texas in the Eastern District of Texas.

h. Detective Jeff Curl searched the devices obtained from the defendant and found Skype conversations in which the defendant is involved in a conversation with another individual over Skype seeking nude images of children under 18 years of age, and the government would have presented this evidence at trial as evidence of the defendant's intent to arouse or gratify his own sexual desire for children under the age of 18 years old, such as Victim #1. The government would have introduced the seventy-six other images of child pornography identified in paragraph f for the same purpose.

i. At seven minutes and sixteen seconds into the interview with Detective Curl, the defendant answered a question from Detective Curl about how old the defendant believed Victim #1 was, and when Detective Curl asked specifically

if the defendant believed she was fifteen, sixteen or seventeen years old, and the defendant verbally affirmed that was his belief.

j. The conduct of the defendant would also be chargeable as an offense under Texas law, to include Texas Penal Code Section 21.11, indecency with a child because the defendant with the intent to arouse or gratify his sexual desire cause the victim, a child under the ages of 17 years of age, to expose the victim's anus and any part of the victim's genitals.

### DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and stipulation and the indictment, or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: June 30, 2016

DANIEL ALEXANDRO HERNANDEZ
Defendant

### DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, **Daniel Alexandro Hernandez**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

**Factual Basis - Page 6** *(Last Revised: June 30, 2016)*

Dated: June 30, 2016

GARY BONNEAUX
Attorney for the Defendant

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

LESLEY A. WOODS
Assistant U. S. Attorney
Texas Bar No. 24092092
Florida Bar No. 85594
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
lesley.woods@usdoj.gov